UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW CLARK,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT** |

TO THE DEFENDANT:

The Plaintiff, by and through his attorneys, Nelson Langer Engle PLLC, based upon information and belief alleges the following:

### I.   NATURE OF ACTION

1.1.   This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*., and specifically under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

1.2.   Mr. Clark brings this action for the purpose of recovering benefits under the terms of an accidental death and dismemberment policy offered under the Microsoft Corporation Welfare Plan and enforcing his rights under the policy. He seeks relief, including

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 1
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

but not limited to, a declaration of his right to benefits, equitable relief to remedy Defendant's failure to comply with ERISA, prejudgment and post judgment interest, and attorneys' fees and costs.

## II.   PARTIES, JURISDICTION, & VENUE

2.1.   Plaintiff MATTHEW CLARK ("Mr. Clark" or "Plaintiff") is a resident of Seattle, Washington, and at all times relevant, was an employee of the Microsoft Corporation and a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Microsoft Corporation Welfare Plan.

2.2.   Defendant, The Prudential Insurance Company of America (hereinafter "Prudential"), is a foreign corporation doing business in Washington, whose primary place of business is located in the State of New Jersey. At all times relevant herein, Microsoft and the Microsoft Corporation Welfare Plan ("the Plan") contracted with Prudential as to the determination, claim administration, and payment of accidental death and dismemberment benefits ("AD&D") to Microsoft's employees such as Plaintiff.

2.3.   At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1). At all relevant times, the Plan offered, *inter alia*, AD&D benefits to Microsoft's employees, including Plaintiff, through an insurance policy issued and administered by Defendant Prudential.

2.4.   At all relevant times, Prudential was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. 1002(21), in that Prudential acted as a claims fiduciary for the Plan, and exercised authority and control over the payment of AD&D benefits. Prudential is also the "appropriate named fiduciary" of the Plan as described in 29 C.F.R. § 2560.503-1(h)(1).

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 2
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

2.5. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this claim.

2.6. Plaintiff is a resident of Seattle, Washington and Prudential administers the plan in King County, and breached the AD&D contract within the Western District of Washington. Under ERISA, venue is proper in this District as it is "where the plan is administered, where the breach took place, or where defendant resides or may be found." 29 U.S.C. 1132(e)(2).

### III.     FACTUAL ALLEGATIONS

3.1. The Plaintiff, Matthew Clark, was employed full time by Microsoft in the State of Washington until approximately January 2018.

3.2. During the time of Plaintiff's employment by Microsoft, Plaintiff became eligible to receive AD&D benefits, and premiums were paid to Defendant in consideration for coverage. At all times relevant herein the Plan contracted with Prudential as to the determination, claim administration, and payment of AD&D benefits to Microsoft's employees such as Plaintiff.

3.3. On January 15, 2018, while riding his motorcycle, a driver ran into Mr. Clark, knocked him to the ground, and drove over his leg, breaking it in half.

3.4. Mr. Clark suffered a catastrophic orthopedic leg injury including an open tib/fib fracture requiring significant medical intervention.

3.5. After discussing amputation, Mr. Clark's surgeons attempted limb salvage, which has required multiple surgeries since the accident.

3.6. Mr. Clark developed hardware associated osteomyelitis requiring additional surgeries.

3.7. Mr. Clark's surgeon from Harborview Medical Center describes his lower left limb as a "living prosthesis."

COMPLAINT FOR AD&D BENEFITS, EQUITABLE
RELIEF, AND DECLARATORY JUDGMENT – 3
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

3.8. Mr. Clark applied for AD&D benefits from Prudential due to the loss of use of his foot.

3.9. On October 22, 2018, Prudential denied Mr. Clark's claim for AD&D benefits based upon a record review from an internal medical director.

3.10. On April 10, 2019, Mr. Clark appealed Prudential's denial of his AD&D claim, as well as his claim for rehabilitation benefits.

3.11. On April 18, 2019, Prudential confirmed receipt of Plaintiff's appeal and stated that it would commence its review.

3.12. On July 1, 2019, Prudential informed Mr. Clark that it needed a forty-five (45) day extension to review Plaintiff's appeal.

3.13. On August 8, 2019, Prudential denied Mr. Clark's appeal on the basis of another record review from a known insurance medical reviewer from "Reliable Review Services."

3.14. Prudential has not reviewed the policy language in a reasonable manner intended to meet its fiduciary duties to its insured.

3.15. Plaintiff has sustained severe economic damages as a result of Prudential's denial of benefits under the AD&D policy to include rehabilitation benefits and benefits for the loss of use of his foot.

3.16. Prudential has failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making.

3.17. Prudential has failed to train and/or supervise its employees and/or has failed to ensure that its employees managing claims and appeals, are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 4
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

1  making.

2      3.18.    Prudential was both the decision-maker with respect to Mr. Clark's claim for

3  benefits, and the entity that would pay those benefits.

4      3.19.    Because it was both decision-maker and the payor with respect to Mr. Clark's

5  claim for benefits, Prudential had a conflict of interest.

6      3.20.    Prudential's conflict of interest affected its management of Mr. Clark's claim for

7  benefits and was a reason for its denial of his application for benefits.

8      3.21.    On information and belief, Prudential regularly and routinely violates ERISA in

9  that it denies valid claims in order to boost its profits.

10      3.22.    On information and belief, Prudential regularly and routinely violates ERISA in

11  that it hires or utilizes biased medical reviewers.

12      3.23.    On information and belief, Prudential regularly and routinely violates ERISA by

13  construing policy language in its favor as opposed to beneficiaries, whom it owes the highest

14  duties known to law.

15      3.24.    On information and belief, Prudential regularly and routinely violates ERISA in

16  that, without basis and without any "special circumstances" to justify doing so, it fails to make

17  a determination on participants' appeals within the first 45-days allowed by ERISA's claims

18  management regulations; and, further, regularly and routinely violates ERISA in that, without

19  basis and without any "special circumstances" to justify doing so, it avails itself of an

20  additional 45 days or some other amount of time close to 45 days to make determinations on

21  participants' appeals.

22      3.25.    Prudential deliberately delays making determinations on participants' appeals

23  because by doing so it is able to delay making payment to those participants who ultimately

COMPLAINT FOR AD&D BENEFITS, EQUITABLE
RELIEF, AND DECLARATORY JUDGMENT – 5
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

recover the benefits due to them. In like manner, Prudential deliberately denies claims it knows to be meritorious in order to delay making payment to those participants and to avoid exposure under the insurance policies issued to Microsoft employees.

3.26. By repeatedly and consistently delaying payment on valid claims, and by repeatedly and consistently denying valid claims, Prudential is able to earn additional money from investments on the money it holds and which it uses to pay claims.

3.27. Because of the volume of ERISA claims that it manages – and pays – Prudential is able to earn substantial money by denying and delaying payment on claims which it knows to be valid and meritorious.

3.28. One of the means Prudential uses to delay payment on claims is to deny valid claims and then delay making determinations on appeals, as it did with Plaintiff's appeal.

3.29. Prudential has consistently, systematically and deliberately failed to establish and/or follow and/or maintain reasonable claims procedures for Microsoft employees as required by ERISA.

3.30. Prudential violates ERISA in the manner described above, and as described in Paragraphs 4.13 A-F below, in order to increase its profits.

3.31. Mr. Clark has exhausted his administrative remedies under ERISA.

IV. **STATEMENT OF CLAIMS**

**Claims Pursuant to 29 U.S.C. § 1132(a)(1)(B)**:

4.1. Plaintiff re-alleges and incorporates by reference Paragraphs 3.1 through 3.31 above.

4.2. AD&D benefits provided by Defendant, and complained of herein, are part of an "employee welfare benefit plan" or a "welfare plan," as defined in 29 U.S.C. §1001, *et seq*.

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 6
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

("ERISA").

4.3. Under the terms of the Policy, Plaintiff has lost the use of his foot and entitled to benefits under the AD&D policy.

4.4. Under the terms of the Policy, Plaintiff is entitled to rehabilitation benefits.

4.5. Plaintiff alleges that Defendant's denial of his AD&D benefits was wrongful as it was made against the weight of the evidence in the claim file and contrary to governing law.

4.6. Defendant's breach proximately caused damage to Plaintiff, and these damages were a natural and foreseeable consequence of Defendant's wrongful conduct.

4.7. Plaintiff has the express right and standing under ERISA to bring a cause of action against Defendant to enforce his rights and recover the benefits due him under the terms of his policy, and to clarify his rights to other benefits under the terms of the policy.

4.8. Pursuant to WAC 284-96-012 and *Murray v. Anderson Bjornstad Kane Jacobs, Inc.*, 2011 WL 617384 (W.D. Wash. 2011), *Landree v. Prudential Ins. Co. of America*, 2011 WL 2414429 (W.D. Wash. 2011), and *Treves v. Union Sec. Ins. Co., LLC*, 2014 WL 325149 (W.D. Wash. 2014), Prudential's denial of Plaintiff's claim for AD&D benefits is subject to *de novo* review by this Court.

**Claims Pursuant to 29 U.S.C. § 1132(a)(3)**:

4.9. At all material times herein, Prudential was a fiduciary with respect to its exercise of authority over the management of the AD&D policy.

4.10. Plaintiff asserts a breach of fiduciary duty against Prudential as an individual participant and on behalf of all other participants and beneficiaries of the AD&D policy and the Microsoft Corporation Welfare Plan.

4.11. Plaintiff asserts that his claim for benefits due under the Policy does not provide

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 7
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

him with an adequate remedy at law in light of Prudential's continuing course of conduct in violating the terms of the Policy, the Microsoft Corporation Welfare Plan, and applicable law as described herein.

4.12. Prudential was obliged to discharge its duties solely in the interests of beneficiaries and participants for the exclusive purpose of providing beneficiaries and participants with all benefits due, defraying reasonable expenses of the Microsoft Corporation Welfare Plan, and to do so using all prudent skill and diligence in accordance with the governing documents and instruments.

4.13. At all times material herein, Prudential violated these duties by, among other acts and omissions:

A. Consciously, unreasonably and intentionally and without justification denying Plaintiff's claims and appeals, thereby compelling Plaintiff to file suit;
B. Consciously, unreasonably and intentionally and without justification using biased medical reviewers;
C. Consciously and unreasonably failing to investigate all bases upon which to pay and honor Plaintiff's claims, and related claims and/or similar claims for benefits, fairly and in good faith and refusing to give Plaintiff's interests or the interests of the Plans at least as much consideration as it gave its own;
C. Consciously and unreasonably failing to adopt and implement reasonable or proper standards applicable to the prompt and fair investigation, processing and adjudication of Plaintiff's appeal, and related appeals and/or similar appeals, under the Plans;
D. Consciously and unreasonably engaging in a selective review of the evidence presented in an effort to minimize the evidence supporting the continuation of benefits while focusing exclusively on evidence supporting the termination of benefits;
E. Consciously and unreasonably failing to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and
F. Consciously and unreasonably failing to train and/or supervise its employees, to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 8
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

4.14. Prudential has thus breached its fiduciary obligations under the Microsoft Corporation Welfare Plan and under ERISA.

4.15. Plaintiff hereby requests a judgment permanently enjoining Prudential to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making; and enjoining Prudential to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

### Claim for Attorney's Fees and Costs Pursuant to ERISA §502(G)(1)

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges that, pursuant to ERISA §502(g)(1), Plaintiff has the right to recover his reasonable attorney fees, and the costs of this action against Defendant, should Plaintiff establish his rights to recover the AD&D benefits denied him by Defendant. The facts and circumstances of the matter warrant an award of fees and costs to Plaintiff.

### V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

A) For an award of full benefits due Plaintiff under the Prudential AD&D policy, and an award of pre-judgment interest on any monetary award rendered on Plaintiff's behalf; and further, an award of Plaintiff's reasonable attorneys' fees and costs incurred in this action;

B) For declaratory judgment that the Court enforce Prudential's obligation

COMPLAINT FOR AD&D BENEFITS, EQUITABLE
RELIEF, AND DECLARATORY JUDGMENT – 9
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

       owed Plaintiff on his AD&D policy;

C) That this Court enjoin Prudential to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) to ensure and verify appropriately consistent decision making; and to train and/or supervise its employees to ensure that they are aware of, and follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making;

D) That this Court enjoin Prudential to establish and maintain a procedure or procedures by which claimants seeking benefits shall have a full and fair review of their claims and full and fair review of adverse determinations;

E) That this Court provide any other appropriate equitable relief to address Prudential's violations of ERISA;

F) For any other relief permitted by law, which the Court deems just and equitable.

DATED this 30th day of August 2019.

       NELSON LANGER ENGLE, PLLC

       /s/ Aaron I. Engle
       Aaron I. Engle, WSBA #37955
       12055 15th Avenue NE, Suite 100
       Seattle, WA  98125
       T: 206.623.7520  F: 206.622.7068
       AaronE@nlelaw.com
       Attorneys for Plaintiff

COMPLAINT FOR AD&D BENEFITS, EQUITABLE RELIEF, AND DECLARATORY JUDGMENT – 10
File Number 204740

NELSON LANGER ENGLE, PLLC
12055 15th Avenue, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068